

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA :
:
v. : Criminal No. 06-442 (JLL)
:
STATE METAL INDUSTRIES, INC. :

**PLEA AGREEMENT**

The United States Attorney for the District of New Jersey (the "United States"), and the Defendant, State Metal Industries, Incorporated ("SMI"), acting through its counsel, William W. Robertson, Esquire, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, have entered into an agreement, the terms and conditions of which are as follows:

1. The defendant, SMI, agrees to plead guilty to a one-count Criminal Information (the "Information") which charges it with exporting, or attempting to export, items on the United States Munitions List, namely components of the Aim-7F Sparrow Missile, in violation of the Arms Export Control Act and the International Traffic in Arms Regulations ("ITAR"), contrary to 22 U.S.C. § 2778, 22 C.F.R. § 120 *et seq.*, and 18 U.S.C. § 2.

2. The United States agrees that, provided the guilty plea of SMI is accepted by the Court, SMI is sentenced, and SMI pays the amount referenced in Paragraphs 4 and 5, as set forth herein, then the United States will not further criminally prosecute SMI for the sale and export, or attempted export, of components of the Aim-7F Sparrow Missile in or about March 2004

(referred to hereafter as "this Matter").

3. The United States agrees that upon payment of the amount referenced in Paragraphs 4 and 5 of this Agreement, it releases SMI and its related entities and officials from any further criminal action, liability, or penalty arising out of this Matter. As used in this Agreement, the "related entities and officials of SMI" means any past or present division, subsidiary, parent, affiliate, predecessor, successor, or assignee of SMI and any present officers, directors, or employees of SMI or its related entities. This Agreement is not intended to, and does not satisfy or affect the criminal liability of, any past or present officer, director, or employee of SMI or its related entities, except as provided in Paragraph 2 above.

4. The parties to this Agreement agree that SMI's sentence is not governed by the United States Sentencing Guidelines. This is because, although the offense to which SMI is pleading guilty is covered by U.S.S.G. § 2M5.1(a), that Guideline is not listed under U.S.S.G. § 8C2.1, which governs fines for organizations. Accordingly, pursuant to U.S.S.G. § 8C2.10, the sentence is to be determined by applying 18 U.S.C. §§ 3553 and 3572. Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties agree that the appropriate disposition of the criminal case is that SMI will be placed on a term of corporate probation for a period of three years and pay

$250,000 within 30 days of sentencing, which satisfies the goals of sentencing set forth in 18 U.S.C. §§ 3553 and 3572.

5. SMI acknowledges that a special assessment of $400 will be imposed by the Court pursuant to 18 U.S.C. § 3013. SMI acknowledges that such special assessment must be paid at the time of sentencing.

6. The United States represents that the specific sentence set forth in this Agreement does not contravene the United States Sentencing Guidelines.

7. The United States and SMI hereby waive their respective rights to challenge the sentence imposed in this matter pursuant to 18 U.S.C. § 3742 and Rule 35 of the Federal Rules of Criminal Procedure.

8. SMI is entering this Agreement and is pleading guilty as set forth below freely and voluntarily without promise or benefit of any kind, other than contained herein, and without threats, force, intimidation, or coercion of any kind. SMI is aware that by pleading guilty it surrenders and waives certain rights including the right to a fair and speedy trial, the right to trial by jury, the right to confront and cross-examine witnesses against it, and the right to compel witnesses to testify on its behalf. SMI hereby waives any right to raise and/or appeal any and all motions, defenses, probable cause determinations, and objections that SMI has asserted or could

assert to this prosecution, and to the Court's entry of a judgment against SMI.

9. If the United States determines that SMI has materially failed to comply with the provisions of this Agreement, the United States shall notify SMI in writing of the alleged breach and give ten days to SMI from the date of the notice to correct such alleged breach. If the alleged material breach is not corrected, then the United States shall be released from its commitments under this Agreement and shall so notify SMI in writing. SMI recognizes that no such material breach by SMI of any obligation under this Agreement shall give rise to grounds for withdrawal of its guilty plea.

10. In the event the plea of guilty by SMI does not result in a final Order of Judgment and Conviction or is later withdrawn or invalidated for any reason whatsoever, SMI hereby waives any defense to any charges that it might otherwise have (a) under any statute of limitations that has not expired as of the date this Agreement is signed, and (b) under the Speedy Trial Act. This waiver shall apply to any criminal charges arising out of, or related to, the charges set forth in the Information.

11. SMI agrees that, at the time of the plea of guilty to the Information, it will present to the Court all corporate resolutions or other papers and any and all necessary representatives on behalf of SMI to effectuate all terms of this

Agreement.

12. This Agreement constitutes the full and complete agreement between SMI and the United States. No additional promises, agreements, and conditions have been entered into with respect to SMI's criminal liability other than those set forth in this Agreement, and none will be entered into unless in writing and signed by all parties.

CHRISTOPHER J. CHRISTIE
United States Attorney

By: JUDITH H. GERMANO
Assistant United States Attorney

Dated: August 10, 2005

APPROVED:

STEPHEN J. TAYLOR
Chief, Terrorism Unit

State Metal Industries, Inc. ("SMI") has received this plea agreement from its attorney, William W. Robertson, Esquire., and understands it fully. SMI hereby acknowledges that this plea agreement fully sets forth its agreement with the United States Attorney for the District of New Jersey. SMI states that there have been no additional promises or representations made to it by its own attorneys in connection with this matter or any officials or employees of the United States Attorney's Office, other than set forth in this agreement.

CONSENTED TO AND AGREED BY
STATE METAL INDUSTRIES, INC.:

By: ______________________
Yale Dorfman
Owner and President
STATE METAL INDUSTRIES, INC.
Date: August 24, 2005

By: ______________________
Richard Kuhl
Vice President
STATE METAL INDUSTRIES, INC.
Date: August 14, 2005

# STATE METAL INDUSTRIES, INC.

## CORPORATE RESOLUTION

## &

## WRITTEN ACTION OF DIRECTORS WITHOUT A MEETING

Pursuant to *N.J.S.* 14A:6-7.1 of the New Jersey Business Corporation Law, the undersigned, being all of the Directors of **State Metal Industries, Inc**., a New Jersey corporation (the "Corporation") hereby consent to this written action without a meeting and adopt the following resolution with the same force and effect as if they had been unanimously adopted at a duly convened meeting of the Directors of the Corporation:

***RESOLVED***, that pursuant to *N.J.S.* 14A:6-7.1, the undersigned being all of the Directors of **State Metal Incorporated, Inc**. hereby resolves and authorizes either **YALE DORFMAN,** President, or **RICHARD KUHL**, Vice President & Secretary of **State Metal Incorporated, Inc**. (whoever is available at the time) to appear in open court and, on behalf of **State Metal Industries, Inc**., to enter a plea of "guilty" to a one count criminal information which will charge **State Metal Industries, Inc**. with exporting, or attempting to export items on the United States Munitions List as more fully detailed and set forth in the attached Plea Agreement between **State Metal Industries, Inc**. and the United States Attorney for the District of New Jersey, and to further advise the Court that **State Metal Industries, Inc**. fully understands and agrees to all terms of the attached Plea Agreement. Either **YALE DORFMAN,** or **RICHARD KUHL** are hereby authorized to appear at whatever further proceedings are ordered in the matter and to undertake whatever actions are necessary to effect the entry of final judgment fully and completely resolving the matter in accordance with the terms of the attached Plea Agreement.

*IN WITNESS WHEREOF*, the undersigned, have executed this Written Action of Directors Without a Meeting.

Yale Dorfman, ***Director***
Dated: AUG 24 05

Richard Kuhl, ***Director***
Dated: 8-24.05